IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY CANTRELL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 20-0497-JB-MU |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
|  Social Security Administration, | ) | |
| | ) | |
|    Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 12, 2021, Defendant filed a Motion to Transfer Venue. (Doc. 15). Defendant's motion was referred to the undersigned for a report and recommendation. Upon review of the motion, Plaintiff's response thereto (Doc. 17), and Defendant's reply (Doc. 18), the Court finds that this motion should be granted and **RECOMMENDS** that this case be transferred to the United States District Court for the Southern District of Illinois.

Plaintiff's complaint appears to seek judicial review of a decision of the Commissioner, presumably related to his Social Security benefits. (Doc. 1 at p. 4 (referencing "back pay was taken for no reason")). This Court has jurisdiction to review a "final decision" of the Commissioner; however, an action under Section 405(g) of Title 42 must "be brought in the district court of the United States for the judicial district in which the plaintiff resides." There is no evidence here that Plaintiff currently resides or has resided in Alabama. At the time the Complaint was filed on October 8, 2020, Plaintiff listed his address as Nashville, Illinois. (Doc. 1 at p. 1). The envelope in which his complaint was mailed has a Nashville, Illinois return address and was postmarked in Caseyville, Illinois. (Doc. 1 at p. 6). In a request form seeking a hearing before an ALJ,

which was filed in December of 2017, Plaintiff gave the same Nashville, Illinois address. (Doc. 15-1 at p. 5). A request for review of the ALJ's decision likewise listed the same Nashville, Illinois address. (Doc. 15-1 at p. 6). Most importantly, Plaintiff admitted in his response to the instant motion that he lives in Illinois. (Doc. 17 at p. 1). He also has a current Driver's License and ID Card issued by the State of Illinois and both list addresses in Illinois. (*Id.* at p. 2).

Based on the foregoing, it is clear that Plaintiff resides in Illinois. As such, venue in this Court is improper. *See* 42 U.S.C. § 405(g); *see also Simpson v. Colvin*, No. 14-00288-N, 2015 WL 3447880, at *1 n.3 (S.D. Ala. May 29, 2015) ("The record reflects that Simpson resides in this judicial district. Thus, venue is proper in this Court. *See* 42 U.S.C. § 405(g)…").

## **CONCLUSION**

Therefore, for the reasons discussed herein, it is **RECOMMENDED** that Defendant's motion to transfer be **GRANTED,** and this case be transferred to the United States District Court for the Southern District of Illinois.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **7th** day of **June, 2021**.

                                /s/ P. Bradley Murray
                                **UNITED STATES MAGISTRATE JUDGE**